

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00556-CR

Reginald Earl **ALLMON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR9047
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: September 21, 2022

DISMISSED

Pursuant to a plea-bargain agreement, Reginald Earl Allmon pled nolo contendere to aggravated sexual assault of a child and was sentenced to twenty years of imprisonment and a $2000 fine in accordance with the terms of his plea-bargain agreement. The trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Allmon filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See*

*id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Allmon. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Allmon does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We informed Allmon that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). Appellant filed a response, indicating that he was unable to persuade the trial court to grant him permission to appeal. Because no amended trial court certification has been filed stating that Allmon has the right to appeal, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH